

BAINBRIDGE
BINGHAMTON
CORTLAND
HANCOCK
ITHACA
MONTROSE
OWEGO
WALTON

**www.cglawoffices.com**

99 Corporate Drive
Binghamton, New York 13904

PO Box 2039
Binghamton, NY 13902-2039
(607) 723-9511
(877) COUGHLIN
Fax: (607) 723-1530
e-mail: acatalano@cglawoffices.com

January 31, 2024

<u>Via: ECF</u>
Magistrate Judge Miroslav Lovric
Northern District of New York
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, New York 13901

      Re:     Shara v. Binghamton Precast & Supply Corp. et al., 3:23-cv-135

Dear Judge Lovric:

The deadline for discovery to be complete in this matter is January 31, 2024. I submit this letter, with the consent of counsel for Plaintiff, to request a 60 day extension of the discovery deadline, until April 1, 2024. This is the second extension request; discovery was initially to be completed by November 15, 2023, but was extended to January 31, 2024.

The parties seek additional time to complete document discovery and depositions. After the parties exchanged responses to their respective initial discovery demands in July and August 2023, Plaintiff's counsel sent a deficiency letter to Defendants dated August 21, 2023 alleging certain deficiencies in Defendants' document production. Defendants agreed to supplement their document production and produced supplemental responses to Plaintiff's document requests on January 18, 2024.

Upon reviewing Defendants' supplemental document production, Plaintiff's counsel indicated that additional documents may be needed, and Plaintiff's counsel intends to request such documents from Defendants shortly. The parties therefore request additional time to complete document discovery and to take depositions, which have not yet been scheduled due to the outstanding document discovery.

Notwithstanding the foregoing consent of the parties as to document discovery and depositions, a dispute has arisen regarding the Defendants' interrogatories. In October 2023, counsel for the parties discussed Defendants' first request for an extension of the discovery deadline, during which Defendants requested Plaintiff's consent to serve late interrogatories at the same time that Defendants served their supplemental discovery responses. Plaintiff consented to Defendants'

request. Defendant produced the supplemental discovery responses and served Defendants' interrogatories on January 18, 2024.

Plaintiff now objects to Defendants' interrogatories as untimely. Plaintiff contends that Plaintiff consented to the late service of interrogatories with the expectation, based on Defendants' counsel's correspondence, that Defendants' interrogatories and supplemental responses would be served shortly after counsel met and conferred in October 2023. Plaintiff therefore contends that Defendants should be precluded from seeking interrogatories as Defendants are responsible for the delays in the discovery process and could have served interrogatories earlier than two weeks before the extended discovery deadline. Defendants contend there was no established deadline for the late interrogatories and Defendants did serve the interrogatories at the same time as the supplemental discovery responses. Defendants further contend that there is no prejudice to Plaintiff responding to the late interrogatories, but there is now a significant prejudice to Defendants being denied the opportunity to seek interrogatories. Defendants' counsel has been forthright with Plaintiff's counsel acknowledging the delays are Defendants' responsibility and has provided the basis for each delay in this matter.

As such, Defendants request a judicial conference be held to attempt resolve this dispute prior to filing any motions.

We thank the Court for its attention to this matter.

          Very truly yours,
          COUGHLIN & GERHART, LLP

          By    Angelo D. Catalano
                  Partner

cc:    Adam Sackowitz, Esq.