UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HOLLY SHARA, individually and on behalf
of all others similarly situated,

                              Plaintiff,

                                                      3:23-CV-0135
v.                                                     (LEK/ML)

BINGHAMTON PRECAST & SUPPLY CORP.;
and JAY ABBEY,

                              Defendants.
_____

APPEARANCES:

KATZ MELINGER PLLC                   ADAM SACKOWITZ, ESQ.
  Counsel for Plaintiff                  KENNETH J. KATZ, ESQ.
370 Lexington Avenue, Suite 1512
New York, New York 10017

COUGHLIN, GERHART LAW FIRM       ANGELO CATALANO, ESQ.
  Counsel for Defendants
99 Corporate Drive
Binghamton, New York 13902

MIROSLAV LOVRIC, United States Magistrate Judge

## MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

      On January 30, 2023, Plaintiff Holly Shara ("Plaintiff") filed this putative collective

action against Defendants Binghamton Precast & Supply Corp. and Jay Abbey (collectively

("Defendants") alleging violations of the Equal Pay Act ("EPA"), Fair Labor Standards Act

("FLSA"), the New York Equal Pay Act ("NYEPA"), the New York Labor Law ("NYLL"), and

the New York State Human Rights Law ("NYSHRL").  (Dkt. No. 1.)  Currently pending before

the Court is Plaintiff's motion for conditional certification pursuant to 29 U.S.C. § 216(b).  (Dkt. No. 30.)  For the reasons set forth below, Plaintiff's motion is granted.

## II.     BACKGROUND

### A.     Procedural History

On January 30, 2023, Plaintiff commenced this action by the filing of a Complaint.  (Dkt. No. 1.)  On April 7, 2023, Defendants filed an Answer to the Complaint.  (Dkt. No. 7.)  On May 10, 2023, the Court held an initial conference where pretrial deadlines were discussed and set. (Minute Entry dated 5/10/2023.)

On August 18, 2023, the parties engaged in mandatory mediation and the case did not settle.  (Dkt. No. 22.)

On February 15, 2024, Plaintiff filed a letter motion requesting a pre-motion conference before filing her motion for conditional certification of a collective action.  (Dkt. No. 28.)  On February 16, 2024, the Court deemed a pre-motion conference unnecessary and directed Plaintiff to file a motion for conditional certification on or before February 23, 2024.  (Dkt. No. 29.)

On February 22, 2024, Plaintiff filed the pending motion to conditionally certify the collective action.  (Dkt. No. 30.)

### B.     The Complaint

The Complaint alleges generally that Defendants have a policy and practice of paying women less than their male colleagues who were employed in the same or substantially similar roles.  (Dkt. No. 1 at 3.)  Plaintiff alleges that from approximately November 2006 until November 2021, Plaintiff worked as a Sales Estimator and at one time during her tenure in that position, she was paid $18.00 per hour and two male salespeople, Timothy Blair and Sean Dutcher, were paid $24.50 per hour and $27.50 per hour, respectively.  (Dkt. No. 1 at 4.)  The

Complaint alleges that Plaintiff had the same role and responsibilities as Blair and Dutcher, and that Plaintiff had more experience and performed better than them.  (*Id*. at 5.)  The Complaint alleges that Defendant did not have a bona fide justification for paying Plaintiff less than her male counterparts.  (*Id*.)  The Complaint alleges that Plaintiff's situation was not unique among Defendants' female employees and other female employees were also paid less than male counterparts with less experience.  (*Id*.)

When Plaintiff and another female employee separately asked Defendant Abbey for a raise, Defendant Abbey denied the requests and stated that if he granted the requests he would need to give a raise to "all the other girls in the office."  (Dkt. No. 1 at 6.)  The Complaint alleges that Plaintiff's employment with Defendants was terminated in November 2021 after a supervisor overheard Plaintiff discussing the Ledbetter Fair Pay Act with a coworker.  (Dkt. No. 1 at 10.)

### C.     Parties' Briefing on Plaintiff's Motion

#### 1.     Plaintiff's Motion

Generally, in support of her motion to conditionally certify the collective action, Plaintiff argues that (1) the proposed Court-authorized notice to potential plaintiffs is fair, efficient, and advances public policy aims, (2) Plaintiff exceeds her low burden under 29 U.S.C. § 216(b) to establish that Defendants subjected Plaintiff and other female employees to the same unlawful practice of paying them less than their male counterparts for equal work in violation of the EPA, (3) a court authorized notice is appropriate in this case, and (4) equitable tolling from the date on which the pending motion was filed until such time as Plaintiff is able to send notice  is appropriate.  (Dkt. No. 30, Attach. 8 at 9-21.)

### 2.      Defendants' Opposition to Plaintiff's Motion

Generally in opposition to Plaintiff's motion, Defendants assert the following five arguments: (1) denial of the conditional certification is appropriate under the two step analysis endorsed by the Second Circuit; (2) to alleviate the danger of undue pressure to settle on employers, this Court should endorse the standard adopted by the Fifth Circuit and conduct preliminary discovery to determine whether a group of employees is similarly situated; (3) in the alternative, this Court should endorse the standard adopted by the Sixth Circuit which requires a plaintiff to show that a "strong likelihood" that the potential opt-in plaintiffs are similarly situated; (4) Plaintiff's "across the board" claims of discrimination cannot properly be maintained as a collective action pursuant to Fed. R. Civ. P. 23; and (5) equitable tolling of the statute of limitations is inappropriate because Plaintiff failed to act with reasonable diligence in pursuing her claims where she waited over one year after filing the Complaint to file the instant motion.  (Dkt. No. 31 at 5-20.)

More specifically with respect to their first argument, Defendants assert that Plaintiff makes unsupported assertions and conclusory allegations that do not satisfy the standard because she fails to provide any information related to the job titles, duties, responsibilities, or compensation structures for the proposed opt-in class members.  (Dkt. No. 31 at 8-9.) Defendants argue that Plaintiff incorrectly alleges that she was a "Sales Estimator," but her position was actually a "Sales Assistant."  (*Id*. at 9.)

### 3.      Plaintiff's Reply Memorandum of Law

Generally, in further support of her motion, Plaintiff argues that (1) she and the potential opt-in plaintiffs were similarly situated in that they were subject to common unlawful policies and/or practices, (2) the Court should not ignore binding legal precedent, (3) Defendants

improperly seek to apply Fed. R. Civ. P. 23 to Plaintiff's motion for conditional certification, and (4) equitable tolling is warranted because (a) the delay was caused by Defendants, and (b) in any event, Plaintiff only seeks to toll the statute of limitations from the date on which the motion was filed (not the date on which the Complaint was filed).  (Dkt. No. 32 at 4-13.)

More specifically, with respect to her first argument, Plaintiff asserts that her allegations are far from conclusory and she highlights several allegations from the Complaint and her declaration where she identified Defendants' male employees who were paid more than female counterparts.  (Dkt. No. 32 at 5.)  Plaintiff argues that she is similarly situated to Defendants' current and former female employees because "[r]egardless of whether Plaintiff and the potential opt-ins worked in sales, as laborers, or at the front counter, Plaintiff alleges that all of Defendants' female employees were subject to a common policy and/or practice of being paid less than men who performed the same or substantially similar work."  (Dkt. No. 32 at 6-9.) Plaintiff asserts that the Court should disregard the affidavit of Defendant Abbey because it relates to the merits of this action which is improper on a motion for conditional certification. (Dkt. No. 32 at 9-10.)

## III.    GOVERNING LEGAL STANDARD

The EPA, which was enacted in 1963 as an amendment to the FLSA, prohibits payment of unequal wages for equal work on grounds of sex, unless the difference is justified by seniority, merit, quality or quantity of production, or any other factor not based on sex.  29 U.S.C. § 206(d); *see Anderson v. State Univ. of N.Y.*, 169 F.3d 117, 119 (2d Cir. 1999), *vacated on other grounds*, 528 U.S. 1111 (2000).  "As part of the FLSA, the EPA utilizes the FLSA's enforcement mechanisms and employs its definitional provisions," including the use of collective actions. *Anderson*, 169 F.3d at 119.  "A collective action allows . . . discrimination plaintiffs the

advantage of lower individual costs to vindicate rights by the pooling of resources.  The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity."  *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

Federal law permits employees to sue "for and [o]n behalf of . . . themselves and other employees similarly situated" for violations of FLSA.  29 U.S.C. § 216(b).  All potential collective members must "opt in" to the action.  *Moore v. Publicis Groupe SA*, 11-CV-1279, 2012 WL 2574742, at *8 (S.D.N.Y. June 29, 2012) (collecting cases).  "Neither the FLSA nor its implementing regulations define the term 'similarly situated.'"  *Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 643 (S.D.N.Y. 2010) (internal quotation marks omitted).

FLSA (and EPA) "certification" is simply "the district court's exercise of the discretionary power . . . to facilitate the sending of notice to potential class members."  *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010).  While the Court of Appeals has not offered a definitive standard for certification of FLSA collective actions, it has endorsed the two-step approach to certification widely used by district courts in this Circuit.  *Myers*, 624 F.3d at 554-55.

"The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred."  *Id*. at 555.  To establish that they are "similarly situated" to putative collective members, the named plaintiffs must "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'"  *Id*. (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.)).  "The modest factual showing cannot be satisfied simply by

unsupported assertions, but it should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* similarly situated plaintiffs do in fact exist." *Id.* (cleaned up) (emphasis in original); *see Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) (describing plaintiff's burden as "very low" and "minimal").  At this first stage, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations," and "should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated." *Cunningham*, 754 F. Supp. 2d at 644 (cleaned up).  "Once a court is satisfied that the first-stage inquiry has been satisfied, it conditionally certifies the class and orders notice to putative class members, who are given the opportunity to opt in."  *Id.*

The second step, typically taken upon the completion of discovery, requires the court to determine "on a fuller record" "whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs.  The action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice."  *Myers*, 624 F.3d at 555.

Because the first step of conditional class certification is only a "preliminary determination," *Harrington v. Educ. Mgmt. Corp.*, 02-CV-0787, 2002 WL 1009463, at *2 (S.D.N.Y. May 17, 2002), and is "non-dispositive," *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005), magistrate judges have jurisdiction to hear such motions.  *See also Mazur v. Olek Lejbzon & Co.*, 05-CV-2194, 2005 WL 3240472, at *2 n.1 (S.D.N.Y. Nov. 30, 2005) (magistrate judges may decide a motion to approve a collective action "under which the standard for granting approval is far more lenient, and indeed, materially different, than the standard for granting class certification under Fed. R. Civ. P. 23").

IV.     **ANALYSIS**

A.     **Conditional Certification**

The focus of the inquiry before the Court "is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated' under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated.  Thus, in order to satisfy this standard, the named plaintiff need only demonstrate a 'factual nexus' between his or her situation and the situation of other current and former employees." *Young v. Cooper Cameron Corp.,* 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (internal citations omitted) (quoting *Hoffmann*, 982 F. Supp. at 261).

A plaintiff is not required to conduct rigorous statistical analysis to prove that she is similarly situated to the proposed opt-in plaintiffs.  "Courts regularly authorize notice to potential opt-in plaintiffs based on employee affidavits setting forth an employer's failure [to comply with FLSA]." *Diaz v. S & H Bondi's Dep't Store*, 10-CV-7676, 2012 WL 137460, at *4 (S.D.N.Y. Jan. 18, 2012).  Plaintiff's "burden is minimal because the determination that the parties are similarly situated is merely a preliminary one," and the Court may modify or reverse that determination after discovery.  *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006).  But "[c]onclusory allegations" are not enough; a plaintiff must offer something of "evidentiary value." *Morales v. Plantworks, Inc.*, 05-CV-2349, 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) (denying conditional certification where plaintiffs' submissions made no allegations of a common policy or plan affecting plaintiffs and potential opt-in plaintiffs other than a conclusory statement in the complaint).  "Plaintiffs may satisfy their 'minimal' burden by relying on their own pleadings and affidavits, or the affidavits of other potential class members."

*Diaz*, 2012 WL 137460, at \*3 (quoting *Anglada v. Linens 'N Things. Inc.*, 06-CV-12901, 2007 WL 1552511, at \*5 (S.D.N.Y. Apr. 26, 2007)).

Here, Plaintiff's allegations are sufficiently detailed to merit conditional certification. Plaintiff asserts under penalty of perjury that based on her "review of Defendants' payroll records, [she is] aware of no fewer than eight (8) other female employees . . . who are currently employed or were previously employed by Defendants and who were paid less than their male colleagues despite performing jobs with similar skills, effort, and responsibilities under similar working conditions." (Dkt. No. 30, Attach. 1 at ¶ 9.)

The Court rejects Defendants' argument that Plaintiff's assertions are insufficient because she fails to allege the "job titles, duties, responsibilities or compensation structures of the proposed opt-in class members." (Dkt. No. 31 at 9.) "Courts have found employees 'similarly situated' for purposes of the FLSA where they performed different job functions or worked at different locations, as long as they were subject to the same allegedly unlawful policies." *Diaz*, 2012 WL 137460, at \*6.

In addition, the Court rejects Defendants' request to weigh the merits of Plaintiff's claims. *Cunningham*, 754 F. Supp. 2d 644; *Diaz*, 2012 WL 137460, at \*3; *Shajan v. Barolo, Ltd.*, 10-CV-1385, 2010 WL 2218095, at \*1 (S.D.N.Y. June 2, 2010) ("Weighing of the merits is absolutely inappropriate."). "Defendants also cannot defeat Plaintiff's motion by attacking her credibility." *Santiago v. Information Resources Inc.*, 20-CV-7688, 2022 WL 476091, at \*4 (S.D.N.Y. Feb. 16, 2022) (citing *Cunningham*, 754 F. Supp. 2d at 644).

Further, for the reasons set forth in Plaintiff's reply memorandum of law, the Court rejects Defendants' request that to ignore Second Circuit precedent. (Dkt. No. 32 at 10-11.) Moreover, for the reasons set forth in Plaintiff's reply memorandum of law, the Court rejects

Defendants' argument that the more rigorous standard of Fed. R. Civ. P. 23 should apply to Plaintiff's motion for conditional certification.  (*Id*. at 11-12.)

### B.      Equitable Tolling

Plaintiff seeks equitable tolling of the statute of limitations from the filing of her motion at Dkt. No. 30 until the date on which Plaintiff is able to send notice to potential opt-in plaintiffs. Although equitable tolling is generally appropriate "only in rare and exceptional circumstances," *Vasto v. Credico (USA) LLC*, 15-CV-9298, 2016 WL 2658172, at *16 (S.D.N.Y. May 5, 2016), "[a] district court may toll the limitations period to avoid inequitable circumstances, giving due consideration to whether the plaintiffs have acted with reasonable diligence in pursuing their claims and whether the circumstances are extraordinary enough to warrant equitable relief," *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170 (S.D.N.Y. 2014).  "Unlike Rule 23 class actions, in a FLSA [or EPA] collective action the limitations period continues to run for each plaintiff until he or she files written consent with the court to join the lawsuit," and "[t]he delay required to decide a motion may warrant equitable tolling."  *Jackson*, 298 F.R.D. at 170 (citing *Yahraes v. Rest. Assocs. Events Corp.*, 10-CV-0935, 2011 WL 844963, at *1 (E.D.N.Y. Mar. 8, 2011)).

The motion in this action was filed more than seven months ago and the motion has been fully briefed for more than six months.  (Dkt Nos. 30, 31, 32.)  "Absent tolling of the limitations period, a substantial number of class members may now be time-barred through no fault of counsel or the class representative." *Jackson*, 298 F.R.D. at 170.  "Accordingly, the statute of limitations will be tolled as of the date of the filing of [Plaintiff's] motion" for conditional certification.  *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012).

### C.     Proposed Notice and Discovery of Putative Collective Members' Contact Information

Based on the record before the Court, it is unclear if the parties are in agreement with Plaintiff's proposed notice.  Generally, questions regarding the form and content of a FLSA or EPA notice are largely left to the Court's discretion.  *Moore*, 2012 WL 2574742, at *12; *In re Penthouse Exec. Club Comp. Litig.*, 10-CV-1145, 2010 WL 4340255, at *4-5 (S.D.N.Y. Oct. 27, 2010).

Counsel on both sides are ordered to consult and make reasonable efforts to arrive at an agreed-upon form of notice and process for the disclosure of potential collective members' contact information.  The parties are to complete this process within seven days.  Failing an agreement, the parties are to submit their competing versions of the notice with a written explanation for their differences.  The parties' submissions should also address the disclosure of potential collective member information; if the parties disagree, the submissions should explain the grounds for that disagreement.  The submissions are due by October 11, 2024.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for conditional collective certification (Dkt. No. 30) is **GRANTED**, and the persons authorized to opt-in as collective action plaintiffs include those falling within the following class:

> All female employees who worked for Binghamton Precast & Supply Corp., at any time between January 30, 2020, and the present

and it is further

**ORDERED** that the statute of limitations will be tolled from the date of the filing of Plaintiff's motion, which was February 22, 2024, until the date of this Order; and it is further

**ORDERED** that within seven days, the parties' counsel complete the meet and confer process regarding the form of notice and disclosure to potential collective members' contact

11

information.  Should the parties fail to agree, they are to file their competing versions of notice

for the Court's review.  The parties' proposed notice or submission explaining their disagreement

is due by October 11, 2024; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum-Decision

and Order on the parties.

Dated: October  4 , 2024
       Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge