# KATZMELINGER

370 LEXINGTON AVENUE, SUITE 1512
NEW YORK, NEW YORK 10017
www.katzmelinger.com

Adam Sackowitz
Katz Melinger PLLC

t: 212.460.0047
f: 212.428.6811
ajsackowitz@katzmelinger.com

October 31, 2024

**VIA ECF**
Honorable Miroslav Lovric
United States District Court
Northern District of New York
15 Henry Street
Binghamton, NY 13901

> Re:  *Shara v. Binghamton Precast & Supply Corp. et al.*
>       <u>Civil Action No. 3:23-cv-135</u>

Your Honor:

We represent the plaintiff, Holly Shara, in the above-captioned matter, and submit this letter to supplement the joint letter motion requesting an extension of the discovery deadline that was filed earlier today (Dkt. No. 41). We requested Defendants' counsel's consent to submit the below as part of the parties' joint letter motion, but Defendants' counsel denied our request.

Notwithstanding Plaintiff's consent to the parties' joint request to extend the discovery deadline, Plaintiff notes that the original discovery deadline in this matter was November 15, 2023, nearly one year ago, and that if granted this would be the fourth extension of the parties' discovery deadline. Plaintiff produced responses to Defendants' discovery demands on July 18, 2023, and each extension of the discovery deadline has been necessitated to provide Defendants with additional time to produce documents to Plaintiff.

While Defendants have been cooperative throughout the discovery process, and counsel for the parties have continued to communicate effectively and in good faith about discovery and all other matters related to this action, the pace of Defendants' document production has been particularly slow and had led to a prolonged discovery process that may yet require additional extensions.

Additionally, Plaintiff's initial document requests demanded, in sum and substance, that Defendants produce all communications, including emails, relevant to the claims and defenses in this action. Recently, Defendants produced emails from Plaintiff's work account that only included emails from the last year or so of Plaintiff's employment. Defendants represented that these were

the only emails Defendants were able to recover, and that all other emails related to Plaintiff's claims and Defendants' defenses thereto were deleted by Defendants shortly after Plaintiff's termination as part of Defendants' regular policies and procedures.

Defendants have not shared the details of their policies and/or procedures regarding the retention of employee emails, and Plaintiff respectfully requests that the Court issue an order requiring Defendants to provide an affidavit concerning said policies and procedures, including when the policies and procedures were first implemented; the terms of the policies and procedures; whether the policies and procedures are in writing (and if so, to provide a copy to Plaintiff); whether the policies and procedures are uniformly enforced (and if not, why not); the total number of Defendants' employees whose employment has ended since November 2021, how many of those employees had their emails deleted by Defendants, and how long after each employees' employment ended did Defendants delete the employee's emails; the date on which Plaintiff's emails were deleted; and the names of anyone who instructed that Plaintiff's emails be deleted. In the alternative, Plaintiff respectfully requests a conference with the Court to discuss this matter and determine whether any spoliation of evidence occurred as to Plaintiff's work emails.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Adam Sackowitz*
Adam Sackowitz

Cc:     All counsel of record (via ECF)