# KATZMELINGER
370 LEXINGTON AVENUE, SUITE 1512
NEW YORK, NEW YORK 10017
www.katzmelinger.com

| | |
|---|---|
| Adam Sackowitz | t: 212.460.0047 |
| Katz Melinger PLLC | f: 212.428.6811 |
| | ajsackowitz@katzmelinger.com |

August 5, 2025

**VIA ECF**
Honorable Miroslav Lovric
United States District Court
Northern District of New York
15 Henry Street
Binghamton, NY 13901

      Re:    *Shara v. Binghamton Precast & Supply Corp. et al.*
               **Civil Action No. 3:23-cv-135**

Your Honor:

      We represent the plaintiff, Holly Shara, in the above-captioned matter, and submit this letter jointly with counsel for Defendants to provide the Court with a status update and to respectfully request an additional extension of the parties' discovery deadline. The current discovery deadline is today, August 5, 2025.

      The parties have spent a considerable amount of time over the last several months identifying and arranging for the review and production of job folders that Ms. Shara worked on during her employment with Defendants. Defendants pulled dozens of job folders, some of which contained hundreds or thousands of pages of documents and delivered them to their counsel's former office, where Defendants arranged for Ms. Shara to review the files in person. Ms. Shara then spent multiple days over the course of several weeks (based on the availability of the conference room at counsel's office) reviewing the job folders and identifying relevant documents for production.

      While Ms. Shara identified the documents from each folder that she believed were relevant, Defendants believe that additional documents from each job folder that Ms. Shara did not identify may be relevant to this action and/or responsive to Ms. Shara's document demands, and began reviewing the folders for any additional responsive documents. However, given the significant amount of time it would take Defendants to review the job folders, and the similarities between Ms. Shara's job duties across different projects, the parties agreed to identify five to ten job folders that the parties believe are representative of Ms. Shara's job duties and stipulate that the rest of the

job folders will show that Ms. Shara performed substantially similar job duties to those reflected in the representative sample.

Because Ms. Shara was not permitted to make copies of the documents from the job folders she reviewed, Defendants will provide Ms. Shara with copies of the documents Ms. Shara identified from five to ten of the job folders so that Ms. Shara may determine whether said documents are representative of the job duties she performed generally. If after reviewing these files Ms. Shara believes that not all of the folders are representative of the work Ms. Shara performed, Ms. Shara will request copies of the files from additional job folders. Ms. Shara has also requested that Defendants produce documents from several additional job folders that Ms. Shara did not have an opportunity to review.

The parties apologize to the Court for not submitting this request sooner. The parties' discussions regarding the best and most efficient way to produce Defendants' job folders have continued through this morning, and the parties wanted to provide the Court with as much clarity as possible about their plan to complete discovery in a timely manner.

Additionally, the undersigned intends to take additional parental leave from approximately mid-September through early November. While another attorney from my office will assist with document discovery in my absence, depositions will likely need to be scheduled for after my return to work.

Based on the foregoing, the parties respectfully request an extension of the deadline to complete all discovery to December 31, 2025.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

*/s/ Adam Sackowitz*
Adam Sackowitz